UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XSTRATA CANADA CORPORATION
f/k/a FALCONBRIDGE LIMITED,

                Plaintiff,

       -against-                          1:08-CV-1366 (LEK/DRH)

ADVANCED RECYCLING
TECHNOLOGY, INC.,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

On December 23, 2008, Xstrata Canada Corporation, f/k/a Falconbridge Limited filed the instant Complaint (Dkt. No. 1) against Advanced Recycling Technology, Inc. alleging breach of contract and unjust enrichment. On February 26, 2009, Defendant responded with an Answer and Counterclaims (Dkt. No. 4) alleging Plaintiff was liable for breach of contract and unjust enrichment. On July 20, 2009, this Court, having jurisdiction pursuant to 28 U.S.C. § 1332, granted in part and denied in part Plaintiff's Motion to dismiss Defendant's counterclaims (Dkt. No. 6), dismissing only Defendant's claim of unjust enrichment. Dkt. No. 26. Presently before the Court is Plaintiff's unopposed Motion for default judgment pursuant to Federal Rule of Civil Procedure 37(d). Dkt. No. 32.

**I.    BACKGROUND**

On November 7, 2006, Plaintiff Xstrata Canada Corporation ("Xstrata"), a Canadian corporation with a principal place of business in Toronto, Ontario, Canada, and Defendant Advanced Recycling Technology, Inc. ("ART"), a New York corporation with a principal place of

business in New York, entered into an agreement whereby Xstrata agreed to purchase a quantity of fire assay slag from ART.  Compl. ¶ 6 and Ex. A. at 1; see Answer ¶ 4 (Dkt. No. 4).  Xstrata and ART mutually agreed that the slag was to contain certain quantities of gold, silver, copper, and other minor metals.  Compl. ¶ 6 and Ex. A. at 1.  Xstrata filed the instant Complaint, alleging that the slag delivered contained materially insufficient quantities of the precious metals, that the quantities contained therein were less than the provisional payments made by Xstrata to ART, and that ART had refused to make payments for treatment charges pursuant to the agreement.  Dkt. No. 1.  ART's Answer alleged that the slag contained more gold and silver than the Complaint alleged.  Dkt. No. 4.  ART counterclaims breach of contract by Xstrata based on Xstrata's refusal to pay ART an allegedly remaining balance for shipments delivered.[1]  Id.

On September 25, 2009, ART filed a petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  Nordahl Aff. (Dkt. No. 32-1 ex A).  This filing effectively stayed discovery in the case pending between Xstrata and ART.  ART then moved to voluntarily dismiss its bankruptcy petition.  On December 28, 2009, the Bankruptcy Court granted ART's motion.  Nordahl Aff. (Dkt. No. 32-1 ex B).  On January 14, 2010, ART's counsel informed United States Magistrate Judge David Homer and Xstrata that its bankruptcy petition had been voluntarily dismissed and that ART "does not intend to defend this action."  CM/ECF Minute Entry January 12, 2010.

With the bankruptcy petition dismissed, the discovery process was revived, see Dkt. No. 31, and on January 21, 2010, Xstrata issued deposition notices for ART's President and CEO, Thomas

---

[1] For a more complete statement of the facts of the dispute reference should be made to the Complaint (Dkt. No. 1); Answer (Dkt. No. 4); and this Court's July 22, 2009 Memorandum-Decision and Order (Dkt. No. 26).

2

Delia, and a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Nordahl Aff. (Dkt. No. 32-1 ex. D). The depositions were to be completed before the February 1, 2010 discovery deadline. Id. ART's counsel responded to these notices in an email, dated January 22, 2010, informing Xstrata that ART would not appear and that "his client would not resist in any way [Xstrata's] taking judgment against it. Nordahl Aff. (Dkt. No. 32-1 ex. E). Xstrata's counsel proposed the parties make a motion for an agreed judgment on Xstrata's breach of contract claim and on ART's breach of contract counterclaim; if ART would not agree to, or would oppose this motion, Xstrata would insist on the discovery it sought. Nordahl Aff. (Dkt. No. 32-1 ex. E). On January 25, 2010 ART's counsel replied that he "would prefer that [Xstrata] take whatever procedural steps [it] needs to take to obtain a judgment that does not require my client to consent. My client will oppose nothing." Nordahl Aff. (Dkt. No. 32-1 ex. E). On February 10, 2010, Xstrata counsel informed ART's counsel that it would make the instant Motion, pursuant to Rule 37(d) seeking default judgment as a sanction for ART's failure to attend its depositions; Xstrata counsel also requested a telephone conference to resolve the discovery dispute, pursuant to local rules, but was told by ART's counsel that there was no need for the phone conference and that he had no intention of opposing the motion. Nordahl Aff. (Dkt. No. 32-1 ex. F). On February 10, 2010, ART's counsel submitted a letter brief to Magistrate Judge David Homer stating, "defendant does not oppose plaintiff's motion for default judgment." Dkt. No. 33.

## II.   DISCUSSION

Rule 37 governs situations where a party to a civil action fails to cooperate in discovery, and provides for the Court to issue sanctions against such party. FED. R. CIV. P. 37. The Rule provides

3

that a court may issue sanctions where "a party or a party's officer, director, or managing agent - or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). These "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(d)(3). Thus, the Court may properly "render a default judgment against the disobedient party" for its failure to attend its own depositions. FED. R. CIV. P. 37(b)(2)(A)(vi).

The Court recognizes that "default judgment granting relief against a defendant for failure to cooperate in pretrial discovery is a harsh sanction, which must be cautiously used." Securities and Exchange Comm'n v. Research Automation Corp., 521 F.2d 585, 588 (2d Cir. 1975). Nevertheless, where "a defendant literally fails to show up for a deposition session" such a harsh sanction is warranted under Rule 37(d). Id. It is uncontested that Xstrata properly served notices for ART's President and CEO and a corporate representative's depositions. ART's representatives failed to appear and do not argue that such failure was the result of negligence or inability. The Court, therefore, finds that ART's non-cooperation with the discovery process was willful, and that default judgment in favor of Xstrata is an appropriate sanction for such conduct. Id.

**IV.   CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, Xstrata's Motion for default judgment (Dkt. No. 32) is **GRANTED**; and it is further

**ORDERED**, that sanctions are imposed against ART pursuant to Federal Rule of Civil Procedure 37(d), and judgment is entered in favor of Xstrata and against ART for breach of contract

4

in the amount of $1,568,075; and it is further

**ORDERED**, ART's Counterclaim for breach of contract (Dkt. No. 4) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:       April 19, 2010
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge