**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

XSTRATA CANADA CORPORATION, an,
Ontario Canada corporation formerly known
as Falconbridge Limited,

                              Plaintiff,

        v.                                    No. 08-CV-1366
                                                   (LEK/DRH)
ADVANCED RECYCLING TECHNOLOGY,
INC., a New York corporation,

                              Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

FREEBORN & PETERS, LLP              SUZANNE M. ROSE, ESQ.
Attorney for Plaintiff                       DAVID C. GUSTMAN, ESQ.
Suite 3000                                     JEFFREY J. MAYER, ESQ.
311 South Wacker Drive                 ANDREW C. NORDAHL, ESQ.
Chicago, Illinois 60606                  TONITA M. HELTON, ESQ.
                                                      NEAL H. LEVIN, ESQ.,

FREEMAN HOWARD, P.C.              PAUL M. FREEMAN, ESQ.
Attorney for Defendant and Movants
441 East Allen Street
Post Office Box 1328
Hudson, New York 12534

DAVID S. MICHAELS, ESQ.
Attorney for Defendant
1028 Route 203 at Beall Road
Post Office Box 96
Spencertown, New York 12165

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

    Presently pending is the motion of defendant Advanced Recycling Technology, Inc.

("ART") and non-parties Artnxt Global Trading Group ("AGTG"), SLC Corporate Services, Inc. ("SLC"), Advanced Catalytic Recycling ("ACR"), and Thomas Delia ("Delia") pursuant to Fed. R. Civ. P. 45 to quash subpoenas issued to them by plaintiff Xstrata Canada Corporation ("Xstrata") and for costs, disbursements, and attorney's fees in connection therewith.  Dkt. No. 40.  Xstrata opposes the motion.  Dkt. No. 43.  For the reasons which follow, the motion is granted in part and denied in part.

### I. Background

Xstrata is a Canadian corporation principally located in Toronto, Ontario which mines and, inter alia, refines various metals.  Compl. (Dkt. No. 1) at ¶ 2.  ART is a New York corporation principally located in Hudson, New York which recycles industrial waste and by-products.  Id. at ¶3.  On November 7, 2006, Xstrata contracted to purchase from ART a quantity of slag believed to contain gold, silver, copper, and other metals.  Id. at ¶ 6.  On December 23, 2008, Xstrata commenced this action alleging that ART breached the contract and misrepresented the quantity of metals contained in the slag and sought damages totaling $1.5 million.  Compl.  On January 12, 2010, ART advised that it would not be defending this action, Xstrata moved for a default judgment, the motion was granted, and a judgment against ART in favor of Xstrata for $1.5 million was entered on April 19, 2010.  Dkt. entry dated 1/12/10; Dkt. Nos. 32, 34, 35.

Xstrata then sought to collect its judgment.  On August 27, 2010, subpoenas duces tecum were issued to ART, AGTG, SLC, ACR, and Delia and a subpoena ad testificandum

was issued to Delia.[1]  Freeman Aff. (Djkt. No. 40-2) at ¶ 6 & Ex. A; Rose Aff. (Dkt. No. 43-1) at ¶ 7 & Ex. F.  The subpoenas were returnable on September 14 and 28, 2010 in Kingston, New York.  Freeman Aff. (Djkt. No. 40-2) at ¶ 6 & Ex. A; Rose Aff. (Dkt. No. 43-1) at ¶ 7 & Ex. F.  ART, AGTG, SLC, ACR, and Delia then filed the present motion.  Dkt. No. 40.

## II. Discussion

Fed. R. Civ. P. 45 authorizes the issuance of subpoenas to non-parties for testimony and the production of documents.  Under that rule, a subpoena must be served in a specified manner, may not impose an undue burden, may not require undue travel, and requires that witnesses be tendered certain fees and expenses.  Subpoenas which violate these provisions may be quashed or modified.  Fed. R. Civ. P. 45(c)(3).  Movants seek relief on the grounds that (A) the subpoenas the subpoenas were not properly served, (B) the subpoenas impose an undue burden on the non-parties and seek irrelevant information, (C) the subpoenas require the responding individual to travel more than 100 miles, and (D) Xstrata failed to tender to Delia the required witness fees and costs for his subpoena ad testificandum.  Movants Mem. of Law (Dkt. No. 40-1) at 1-2.[2]

---

[1]Restraining notices were issued and served with the subpoenas.  Dkt. Nos. 40-3-7.

[2]In a reply affidavit, movants further contend that the subpoenas to Delia should be quashed because Delia is the subject of a Chapter 7 bankruptcy proceeding in the Southern District of New York, Xstrata is a creditor in that proceeding, Xstrata may obtain whatever discovery of Delia's financial condition is available in that proceeding, and it subpoenas to Delia here are therefore duplicative.  Freeman Reply Aff. (Dkt. No. 44) at ¶¶ 5-9.  This argument was available to Delia when the original motion papers were first filed but not raised.  Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir.1993) ("Arguments may not be made for the first time in a reply brief.")..  Movants have offered no reason why this argument could not have been raised in its original motion papers and no unusual circumstances appear which would constitute manifest injustice if this argument is not

**A. Service**

ART, AGTG, SLC, and ACR are all located at 41B Cross Street, Hudson, New York 12534.  Rose Aff. at ¶ 6 & Ex. E.  Delia is the President and Chief Executive Officer (CEO) of ART, the President, Secretary, Treasurer, and Director of AGTG, and the President of SLC.  Id. at ¶ 5 & Exs. A, B.  ART has a joint venture in ACR.  Id. at ¶ 5 & Ex. A.  On August 30, 2010, a process server sought to serve Delia with the subpoenas at the Hudson address.  Id. at ¶ 8.  While Delia's car was present, the process server was advised that Delia was not and would be unavailable for thirty days.  Id. & Ex. G.  The process server then affixed copies of the subpoenas to the door of the building.  Id.[3]  Copies were also mailed to the Hudson address and faxed to the fax number for ART.  Id. at ¶¶ 8, 9 & Exs. G, H.  On September 1, 2010, Xstrata served ART through the New York Secretary of State, but similar attempted service on AGTG and SLC was unsuccessful because the secretary of State had no record of those entities.  Id. at ¶ 10 & Exs. I, J.  On September 3, 2010, a process server went to Delia's residence in Craryville, New York.  Rose Aff. at ¶ 11. Copies of the subpoenas for Delia and the four entities were left with Alex Delia, who identified himself as Delia's son.  Id. & Ex. L.[4]

---

considered.  Accordingly, this argument will not be considered.

[3]When the process server arrive, he first spoke with a man who left his presence to locate Delia.  A woman then appeared who advised that Delia was unavailable and would remain so for thirty days.  When the process server then returned to the offices where he had encountered the man, the door was now locked and taped closed.  Rose Aff. at ¶ 8 & Ex. G.

[4]Movants do not offer any evidence of the manner of service which contradicts the facts asserted by Xstrata except to contend "upon information and belief" that the copies were left on the ground outside the Hudson address rather than affixed to the door..

4

Movants contend that such service was insufficient.  Rule 45(b)(1) provides in pertinent part that "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place . . . (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection . . ."  The rule thus incorporates procedures authorized under the applicable state law, which, here, is that of New York.  For service on an individual such as Delia, New York law provides at least three alternate methods of service:  (1) personally handing the subpoena to the individual; (2) delivering the subpoena to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the subpoena recipient and by mailing a copy of the subpoena to the recipient to his home or actual place of business; and (3) when service cannot be made pursuant to (1) or (2) above after due diligence, by affixing the process to the door or either the actual place of business, dwelling place or usual abode and by mailing the process to such person at his last known residence, or to his actual place of business [hereinafter "nail-and-mail"].  N. Y. C.P.L.R. 308(1), (2) & (4) (McKinney 2010)[hereinafter "CPLR"]; see also Fed. r. Civ. P. 4.

Service of the subpoenas on Delia was completed under CPLR 308(2) when the process server (a) delivered the subpoenas to Delia's son at Delia's residence and mailed copies to Delia at his place of business.  Xstrata has demonstrated that Delia's son was of suitable

---

Freeman Aff. at ¶ 7.  This assertion is made only by movants' counsel and no basis for the belief is offered.  To the extent that the difference is material, the Court accepts the facts asserted upon personal knowledge by Xstrata rather than those of movants based only on information and belief.  See SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 138 (2d Cir. 2009); Greiner v. Wells, 417 F.3d 305, 312 n.5 (2d Cir. 2005).

5

age and discretion. See Rose Aff., Ex. L (Dkt. No. 43-2) at 129-34 (Delia's son approximately 20-25). See Roldan v. Thorpe, 117 A.D.2d 790, 791-92 (2d Dep't 1986) (collecting cases in which the following persons were found to be of "suitable age and discretion" under CPLR 308(2): 20-year old college student; teen-age children; doctor's receptionist-secretary; employee; apartment house doorman), appeal dismissed, 68 N.Y.2d 663 (1986). Thus, the manner of the service of the subpoenas on Delia was sufficient under CPLR 308(2).[5]

For service on a corporation, such as ART, AGTG, SLC, and ACR, New York law provides that a corporation may be served through "an officer, director, managing or general agent, or cashier or cashier's agent or to any other agent authorized by appointment or by law to receive service." CPLR 311(a)(1). A corporation may also be served by service on the New York Secretary of State under N.Y. Bus. Corp. Law § 306 (McKinney 2003) [hereinafter "BCL"]. The Secretary of State is the agent of every domestic corporation upon whom process against a corporation may be served. BCL 304. Under federal rules, service of a subpoena is made upon a corporation by serving "[a]n officer, a managing or general agent, or [] any other agent authorized by appointment or by law to receive service..." Fed. R. Civ. P. 4(d)(3). The Secretary of State is considered an agent of a corporation for purposes of effecting service. See Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *2 (S.D.N.Y. Sept. 24, 2002). The requirements for service

---

[5] Xstrata also appears to rely on CPLR 308(4) as to Delia. However, that provision requires as a predicate that Xstrata first have attempted service under CPLR 308(2). Here, Xstrata did not attempt to serve Delia under CPLR 308(2) until after it utilized the nail-and-mail at the Hudson address. Accordingly, Xstrata's service on Delia personally under CPLR 308(4) was not sufficient.

6

should not be unduly restrictive by must be reasonably calculated to provide actual notice to the subpoena recipient. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 304 (S.D.N.Y. 2009).

Under these provisions, ART was served through the Secretary of State. As to the other three entities, service upon them through the Secretary of State was ineffective as none were on record with the Secretary of State. However, service on a corporation is sufficient when completed on "an officer, director, managing or general agent." CPLR 311(a)(1). Xstrata has demonstrated that Delia was such a responsible person for AGTG and SLC as well as for ART. It has made no such showing as to ACR. As discussed supra, the service of the subpoenas on Delia at his home through his son and subsequent mailing to the Hudson address sufficed to effect service on Delia and did so both as to the subpoenas for his document production and testimony and for document production by ART, AGTG, and SLC,.

Accordingly, the motion to quash the subpoenas to ART, AGTG, SLC, and Delia on the grounds that the methods of service were insufficient is denied but is granted on this ground as to ACR.

### B. Burden

Movants further contend that the subpoenas should be quashed under Rule 45(c)(3)(A)(iv) as overly burdensome because the scope of documents required to be produced imposes an undue burden on movants and because the documents requested are not relevant. Under Fed. R. Civ. P. 69(a)(2), a judgment creditor such as Xstrata is entitled to post-judgment discovery to aid in enforcing its judgment either under the federal

rules or those of the applicable state.  New York law affords judgment creditors a generous standard for issuing subpoenas to collect a judgment.  See CPLR 5223; ICD Group, Inc. v. Israel Foreign Trade Co. USA Inc., 224 A.D..2d 293, 294 (1st Dept. 1996).

 First, movants contend that, as non-parties to the instant action, AGTG, SLC, ACR, and Delia are entitled to consideration for the burden imposed by the subpoenas.  However, Xstrata has demonstrated that AGTG, SLC, ACR, and Delia are substantially intertwined with ART, the judgment debtor and are not unrelated third-parties entitled to consideration for the cost and inconvenience from responding to the subpoenas.  Second, even though technically non-parties, the broad discovery authorized by CPLR5223 suffices to authorize the broad discovery sought from these movants. Third, a review of the documents required to be produced under the subpoenas duces tecum confirms that under CPLR 5223, the documents required to be produced are reasonably likely to contain information which would aid Xstrata in enforcing its judgement or lead to the discovery of such information. For example, the subpoenas require production of documents related to the possible concealment or transfer of assets by ART, business conducted by ART, business conducted by the related entities and individual which ART controlled or in which it participated, and similar information.

 Accordingly, the motion to quash the subpoenas to ART, AGTG, SLC, ACR, and Delia on the ground that they are overly burdensome is denied.

### C. 100-Mile Rule

Under Rule 45(c)(3)(A)(ii), a court must quash or modify a subpoena which "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." Rule 45(b)(2) provides that "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place . . . outside [the] district [of the issuing court] but within 100 miles of the place specified for the deposition. . . ." Movants contend that the subpoenas here violated these rules. The subpoenas were served in Judson and Craryville, New York, both in Columbia County, and are all returnable in Kingston, New York, in Ulster County.[6] All are in the Northern District of New York. Hudson is located thirty-two miles from Kingston and Craryville thirty-eight miles from Kingston. Therefore, none of the subpoenas violated the 100-mile rule and the motion on this ground is denied.

### D. Witness Fees and Mileage

Finally, movants contend that Xstrata failed to tender to Delia, the only witness required to appear by any of the subpoenas, the witness fee and mileage required by Rule 45(c). Xstrata did not tender such fees to Delia when the subpoenas were served or prior to the filing of this motion. However, such fees were tendered to Delia thereafter and were received by him on September 20, 2010. Rose Aff. at ¶ 12 & Ex. M (Dkt. No. 43-2 at 136-44). The subpoena ad testificandum to Delia was returnable on September 28, 2010. Dkt. No. 40-7 at 2. However, Rule 45 requires the simultaneous service of the witness fee and

---

[6]Xstrata has agreed to conduct the depositions at the offices of movants' counsel in Hudson.

9

mileage with service of the subpoena where the witness' attendance is required, as here with the subpoena ad testificandum to Delia, and that requirement is strictly enforced. See Kador v. City of New Roads, No. 07-682-D-M2, 2010 WL 3418265, at *1 n.3 (M.D. La. Aug. 26, 2010) (collecting cases); Gameologist Group, LLC v. Scientific Games Int'l, Inc., No. MC 10-0015 JB, 2010 WL 3827961, at *1 (D. N.M. July 28, 2010); Reynosa v. Smith, No. 4:06-CV-106, 2006 WL 3456667, at *1 (W.D. Mich. Nov. 27, 2006); Costonnar Shipping Co., Ltd. v. Kim-Sail, Ltd., No. 95 CIV. 3348 (KTD), 1995 WL 736907, at *2 (S.D.N.Y. Dec. 12, 1995). Because service of the subpoena ad testificandum to Delia was not simultaneously accompanied by a tender of the witness fee and mileage, service was ineffective and the motion as to that subpoena must be granted.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the motion to quash or modify the subpoenas (Dkt. No. 40) is

    1. **DENIED** as to the subpoenas duces tecum to ART, AGTG, SLC, and Delia;

    2. **GRANTED** as to the subpoena duces tecum to ACR and the subpoena ad testificandum to Delia; and

    3. **DENIED** as to costs, disbursements, and attorney's fees.

**IT IS SO ORDERED.**

DATED: November 5, 2010
        Albany, New York

_David R. Homer_
United States Magistrate Judge